**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **JOHN FISHER** | **CIVIL ACTION NO. 18-1326** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **WARDEN PAT SMITH** | **MAG. JUDGE KAREN L. HAYES** |

**REPORT AND RECOMMENDATION**

Plaintiff John Fisher, a prisoner at Tensas Parish Detention Center proceeding pro se and in forma pauperis, filed the instant proceeding on October 9, 2018, under 42 U.S.C. § 1983. He names Warden Pat Smith as Defendant.[1]

On March 7, 2019, the undersigned ordered Plaintiff to amend his Complaint, remedy certain deficiencies, and provide specific information. [doc. # 19]. The undersigned cautioned that the Court may dismiss Plaintiff's lawsuit if he failed to comply. *Id.* The deadline to comply passed, and Plaintiff did not file an amended pleading. Thus, on May 8, 2019, the undersigned notified Plaintiff that the undersigned intended to recommend dismissal of his proceeding if he did not, within fourteen days, file an amended pleading and show good cause for his failure to timely file an amended pleading. [doc. # 21]. To date, Plaintiff has failed to show good cause for failing to timely amend, and he has not filed an amended pleading.

A district court may dismiss an action based on a plaintiff's failure to prosecute or comply with a court order. FED. R. CIV. P. 41(b). A court possesses the inherent authority to dismiss the action *sua sponte* on this basis. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

(1962). "The power to invoke this sanction is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *Id.*

Here, Plaintiff has failed to comply with both the March 7, 2019 Memorandum Order and the May 8, 2019 Notice of Intent to Dismiss by the respective deadlines.

Accordingly, **IT IS RECOMMENDED** that Plaintiff John Fisher's Complaint, [doc. # 1], be **DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 21st day of June, 2019.

_____
Karen L. Hayes
United States Magistrate Judge